IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                              NO. 4:06CR00172-01 JMM

STEPHEN ANAYO ONWUMERE                                                        DEFENDANT

## ORDER

Following a hearing, Defendant's motion for release[1] (docket entry #18) is denied. The Court finds that Defendant poses a risk of flight and that there are no conditions or combination of conditions that could be imposed which would reasonably assure appearance.

The very nature of the charges pending involves fraud and deceit. Although Defendant has resided in Little Rock for approximately ten years and says he is a naturalized citizen, he has no real community ties. He has no family or close friends here, his only connection being his ex-wife. Nor does he have significant ties with the United States. His only relative is a brother allegedly living in Houston. The brother is not a citizen of the United States and is apparently involved in the alleged fake money order scheme. Defendant's parents are residents and citizens of Nigeria.

The brother's name is Uchenna Onwumere and postal authorities have recovered two emails indicating he is involved in the scheme. These emails discuss fake money orders and plans for distribution. Although they purport to be from a different individual outside the United States, the subject line says "Uche," there is the salutation "brother" at

---

[1] Styled "Motion for Bond Hearing."

different places in the body, and they are signed "Uche." At the very least, these indicate that the brother would not be a tie that would hold Defendant to the United States.

Defendant presented the ex-wife as a potential third-party custodian. Although she and Defendant have maintained some contact since the divorce, there is really no control she could wield over Defendant to insure that he does not flee the jurisdiction. Also, she is employed full time with variable hours, so there would be significant periods during which she would not be able to observe Defendant.

Electronic monitoring would not give reasonable assurance against the risk of flight. It has its limitations and would tell authorities only approximately when Defendant left, not where he went.

Nor does the fact that Defendant has surrendered one passport and offered to surrender a second provide assurance against flight. This would not prevent his fleeing within the country. Further, the Grand Jury has found probable cause to believe he is involved in dealing with fake documents. It is a reasonable concern that a fake passport would be obtainable.

IT IS SO ORDERED this 29th day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE